NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0695n.06

No. 20-5495

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| In re: REO HOLDINGS, LLC, | ) | **FILED** |
| Debtor. | ) | Dec 15, 2020 |
|  | ) | DEBORAH S. HUNT, Clerk |
| _____ | ) |  |
| EVA MARIE LEMEH, in her capacity as Chapter 11 trustee for REO Holdings, LLC, | ) |  |
| Plaintiff, | ) | ON APPEAL FROM THE |
| REO HOLDINGS, LLC, | ) | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| Plaintiff-Appellant, | ) |  |
| v. | ) |  |
| CARLTON J. DITTO, et al., | ) |  |
| Defendants-Appellees. | ) |  |

Before: KETHLEDGE, THAPAR, and READLER, Circuit Judges.

KETHLEDGE, Circuit Judge. REO Holdings asks us to review a district-court order remanding to a Tennessee state court an adversary proceeding in a recently closed bankruptcy case. We dismiss the appeal for lack of subject-matter jurisdiction.

The facts in this appeal are complex but the relevant legal issue is not. Cherilyn Bryant owned a house at 1725 Mitchell Avenue in Chattanooga, Tennessee, but fell behind on her property taxes. In June 2014, Hamilton County held a delinquent tax sale in which it sold the house to Carlton Ditto. On June 16, 2014, the county chancery court entered a decree vesting title to the 1725 Mitchell property in Ditto, subject to a statutory one-year right of redemption. In April 2015,

Advantage Windows, Inc. perfected a lien against the property. On June 4, 2015—still within the one-year redemption period—Bryant filed a petition for relief under Chapter 13 of the Bankruptcy Code. Three days later, REO Holdings purchased the Advantage Windows lien, which REO recorded on June 12.

That same day—still within the one-year redemption period, and in the same chancery court that had provisionally vested title in Ditto—REO filed a motion to redeem the 1725 Mitchell property based on the Advantage Windows lien. Ditto opposed the motion. Meanwhile, on July 31, 2015—now more than a year after the redemption period began—Chattanooga Neighborhood Enterprises ("CNE") moved in the chancery court to redeem the property as an agent of Bryant. (CNE had lent Bryant money in connection with the house.) A few weeks later, Bryant commenced an adversary proceeding in her bankruptcy case, seeking a determination that CNE's motion to redeem her property on her behalf was timely (notwithstanding the expiration of the one-year deadline) by operation of 11 U.S.C. § 108. A bankruptcy court determined that the redemption motion was timely pursuant to that section. *See Bryant v. Hamilton County (In re Bryant)*, 548 B.R. 239, 246 (Bankr. E.D. Tenn. 2006). Nobody appealed that order.

Meanwhile, in February 2016, REO filed a bankruptcy petition of its own under Chapter 11 of the Code. (The case was filed in Tennessee's Western District but was transferred to the Middle District.) At that time the chancery court had not yet determined whether either CNE or REO was entitled to redeem the 1725 Mitchell property under Tennessee law. In August 2016, the bankruptcy trustee in REO's case removed the redemption proceeding from the chancery court to the U.S. Bankruptcy Court for the Eastern District of Tennessee. There, the matter remained pending for more than two years.

By April 2019, the only remaining matter pending in REO's bankruptcy case was the redemption case pending as an adversary proceeding in the Eastern District. That same month, the bankruptcy court for the Middle District closed REO's bankruptcy case on the grounds that any proceeds from the adversary proceeding would flow to REO (as the reorganized debtor) in any event, and that REO's estate was thus "fully administered" within the meaning of 11 U.S.C. § 350(a).

That left the adversary proceeding in the Eastern District without any bankruptcy case to which it "related[.]" *See* 28 U.S.C. § 1334(b). In June 2019 the Eastern District bankruptcy court held that it lacked subject-matter jurisdiction over that proceeding and that it would choose not to exercise that jurisdiction in any event. The court therefore remanded the proceeding back to the chancery court under 28 U.S.C. §§ 1447(c) and 1452(b). REO appealed that order to the district court, which disagreed with the bankruptcy court's jurisdictional determination, but agreed that the matter was better adjudicated in state court. The district court thus entered an order remanding the proceeding to the chancery court under § 1452(b).

REO now asks us to review that order, arguing that the bankruptcy court retained continuing jurisdiction over the adversary proceeding and should have exercised it. But regardless of whether either of those things is true, we have a jurisdictional problem of our own here. The district court remanded the proceeding back to the chancery court under 28 U.S.C. § 1452(b). That provision states that "[a]n order entered under this subsection remanding a claim or cause of action, or a decision not to remand, is not reviewable . . . by the court of appeals under" any of the relevant appellate-jurisdiction provisions here. We therefore lack jurisdiction over this appeal.

Appeal dismissed.